UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60663-CIV-COHN/STRAUSS

ABS-CBN CORPORATION, *et al.*

    Plaintiffs,

v.

123FULLPINOYMOVIESHUB.COM, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Preliminary Injunction [DE 5] ("Motion"). The Court has considered the Motion, the Application for Temporary Restraining Order, and is otherwise fully advised in the premises. For the reasons discussed herein, the Court will grant the Motion and adopt Plaintiffs' proposed Temporary Restraining Order. The Court also heard oral arguments from Plaintiffs' counsel at a motion hearing held on April 13, 2021. Although Defendants received sufficient notice of these proceedings, no Defendant responded to the Motion or appeared at the preliminary-injunction hearing.

### I. Background

On March 25, 2021, Plaintiffs filed this action against twenty-one individuals, partnerships, or unincorporated associations.[1] See generally DE 1 (Compl.). Plaintiffs allege that Defendants are offering for distribution, distributing, and/or publicly performing Plaintiffs' registered and unregistered copyrighted works using counterfeit and

---

[1] Defendants are the individuals, Partnerships, or Unincorporated Associations identified on Schedule "A" attached hereto.

confusingly similar imitations of various registered trademarks owned by Plaintiffs ("ABS-CBN Copyrighted Works" and "ABS-CBN Marks"). See id. at ¶¶ 14, 18, 25-26; 41-68. Plaintiffs also allege that Defendant Number 12 has registered an internet domain identical or confusingly similar to the ABS-CBN Marks. Id. at ¶ 64. Plaintiffs thus have asserted the following claims against Defendants: (1) counterfeiting and infringement under section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) cybersquatting under section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (4) common-law unfair competition; (5) common-law trademark infringement; (6) direct infringement of copyright ; and (7) contributory infringement of copyright. DE 1 ¶¶ 81–144.

On March 26, 2021, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction. DE 5. On March 30, 2021, the Court granted Plaintiffs' request for a Temporary Restraining Order ("TRO"). See DE 9. Based on strong evidence that Defendants are using counterfeit and infringing versions of Plaintiffs' registered trademarks in connection with counterfeit services infringing on Plaintiffs' copyrights, the Court found that Plaintiffs have established all four requirements for a TRO: (1) a substantial likelihood of success on the merits; (2) that Plaintiffs would suffer irreparable injury if a restraining order were not granted; (3) that the threatened injury to Plaintiffs outweighed the harm the relief would cause to Defendants; and (4) that entry of the restraining order would serve the public interest. See id. at 4–6; Schiavo *ex rel.* Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).[2]

---

[2] Additionally, the Court determined that a TRO should issue without notice to Defendants because they could "easily and quickly transfer the registrations for many of the Subject Domain Names, or modify domain registration data and content, change payment accounts, change hosts, and redirect consumer traffic to other websites,

The Court thus temporarily restrained Defendants and associated persons from using infringing versions of the ABS-CBN Marks and Copyrighted Works in connection with their services and websites. See DE 9 at 7-11. The Court also directed the registrars for Defendants' domain names to transfer the domains to a holding account, after which all traffic to the websites would be redirected to a page displaying the filings in this case. See id. at 9-10. Moreover, the Court required Plaintiffs to post a bond of $10,000.00 and to promptly serve the Complaint, the Motion, and the TRO upon Defendants through their known e-mail addresses and a webpage containing the case filings. See id. at 12.[3]

In the TRO, the Court also set a hearing on Plaintiffs' request for a preliminary injunction and directed Defendants to file and serve any Response to the Motion no later than April 7, 2021. See DE 9 at 13. The Court cautioned Defendants that "if they do not timely respond to Plaintiffs' Motion for Preliminary Injunction and do not appear at the scheduled hearing, the Court may enter a preliminary injunction against them by default." Id. at 13 (emphasis omitted).

As noted above, Defendants neither responded to the Motion nor appeared at the related hearing. Before the hearing, Plaintiffs identified two witnesses who had submitted written declarations in support of the Motion. See DE 18. Because Defendants did not appear at the hearing, however, Plaintiffs relied on the witnesses' declarations in lieu of live testimony.

---

thereby thwarting Plaintiffs' ability to obtain meaningful relief." DE 9 at 5-6; see Fed. R. Civ. P. 65(b)(1).

[3] Plaintiffs have complied with the bond and service requirements. See DE 12 (Notice of Filing Bond); DE 13-15 (Certificates of Service).

## II. Discussion

The preliminary injunction Plaintiffs seek would maintain the relief granted in the TRO until this case is decided on the merits. The requirements for issuing a preliminary injunction are the same as those for entering a TRO, namely, "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." Schiavo ex. rel Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Because a preliminary injunction is "an extraordinary and drastic remedy," it may not be granted unless the moving party "clearly carries the burden of persuasion as to the four prerequisites." Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (internal quotation marks omitted); see McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Unlike a TRO, a preliminary injunction requires notice to the adverse party and a hearing. See Fed. R. Civ. P. 65(a).

Here, Plaintiffs are substantially likely to succeed on the merits of their claims. Plaintiffs have offered clear evidence that Defendants are offering services distributing the ABS-CBN Copyrighted Works using unauthorized, infringing copies of the ABS-CBN Marks, thereby confusing the public about the origin of those services. See 15 U.S.C. §§ 1114, 1125(a) (federal trademark claims); see also DE 5 at 12-13 (explaining that the same factors showing Plaintiffs' likelihood of success on federal trademark claims demonstrate likely success on its common-law claims for unfair competition and trademark infringement).  Further, allowing Defendants to continue this illegal conduct would cause irreparable harm to Plaintiffs by damaging the reputation and goodwill associated with their genuine trademarked services, and by allowing Defendants to profit

4

from their distribution of the ABS-CBN Copyrighted Works under the ABS-CBN Marks. And because Defendants have no right to offer these illicit services, or to use the ABS-CBN Marks in their domain names, the balance of harms strongly favors Plaintiffs. Last, enjoining Defendants' conduct—the unlawful offering of fraudulent services to consumers—serves the public interest. Plaintiffs have therefore clearly proven all four requirements for a preliminary injunction. See Schiavo, 403 F.3d at 1225–26; Church, 30 F.3d at 1342.

Although Defendants have been given notice of the Motion and an opportunity to respond, they have made no effort to rebut Plaintiffs' evidence warranting a preliminary injunction. The Court thus concludes that Plaintiffs' Motion should be granted.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Preliminary Injunction [DE 5] is **GRANTED**;

2. All Provisions of the Court's Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order [DE 9], incorporated by reference in this Order, shall remain in effect while this case is pending or until otherwise ordered; and

3. Plaintiffs shall promptly serve a copy of this Order on Defendants through the means specified in paragraph 15 of the Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order [DE 9 at 12].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of April, 2021.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Def. No. | Domain Name |
|---|---|
| 1 | 123fullpinoymovieshub.com |
| 2 | craigwhittakermp.co.uk |
| 2 | filpinereplay.com |
| 2 | futuregallery.co.uk |
| 2 | garmoshka.su |
| 2 | griefworld.su |
| 2 | lambingantv.su |
| 2 | pinoy-channels.su |
| 2 | pinoytambayanteleseryetv.su |
| 2 | pinoyteleserye.su |
| 2 | pinoytvlambingans.su |
| 2 | pinoytvteleseryes.net |
| 3 | creatomic.co |
| 4 | fullpinoymovieshub.com |
| 5 | hdfullmovies.net |
| 6 | kapamilyaforever.su |
| 6 | tambyanteleseyre.com |
| 7 | kshows.club |
| 8 | moviesnipipay.co |
| 9 | pinoyflixteleserye.su |
| 9 | pinoyhdnishai.com |
| 9 | pinoyteleseryelambingan.net |
| 10 | pinoy-hd.asia |
| 11 | pinoyhd.net |
| 12 | pinoyhdflix.su |
| 12 | pinoys1tv.su |
| 12 | pinoystvtambayan.su |
| 12 | pinoytambayanonline.su |
| 12 | replaypinoytvs.su |
| 12 | thefilipinochannel.su |
| 12 | wikisaji.su |
| 13 | pinoyhdteleserye.com |
| 14 | pinoymovies.ch |
| 15 | pinoymovies.org |
| 16 | pinoymovieshub.to |
| 17 | pinoysflix.su |

| Def. No. | Domain Name |
|---:|---|
| 18 | pinoysmovieshub.su |
| 19 | pinoysreplays.su |
| 20 | pinoyteleseryehdreplay.net |
| 21 | teleseryeonline.su |